MARIE AMMERMULLER, Plaintiff, *v.* HERBERT AMMERMULLER, Defendant.

Supreme Court, New York County, November 1, 1935.

*Nathaniel Phillips*, for the plaintiff.

*Montague Lessler*, for the defendant.

COTILLO, J.   This action is one in which the wife is seeking a judgment of separation upon the ground of cruel and inhuman treatment by the husband.   The chief cause for complaint is the failure on the part of the husband to provide for the wife.   The testimony indicates that the defendant, who is evidently a pampered and overindulged son of a mother lavish in her treatment of him, but harsh and overbearing in her treatment of the girl he married, failed to provide the wife with the means to carry out the ordinary duties of a housewife.   It was testified to, and no testimony of any probative value was introduced to the contrary, that from April 1, 1931, when plaintiff and defendant set up housekeeping, up to the time of their separation in March, 1935, the defendant did not give plaintiff any allowance for any of the necessary expenses required for the maintenance of the household.   The bills for rent, food, gas and electricity and telephone were submitted to and were paid for by the defendant's parents.   The plaintiff was permitted no choice in the selection of the food to be served in her home; the selection and amount were determined by the mother-in-law. This arrangement the defendant maintains should satisfy the wife, because the wages paid to him were insufficient to maintain the household.

This argument is specious on its face, in view of the fact that he was employed by his father and that the income which he derived from such employment was sufficient to enable him to belong to fashionable clubs and take part in their social activities, while he refused to allow plaintiff any money for her personal needs and those of the household. Cruelty need not be physical. Mental cruelty is ofttimes more unbearable and humiliating than physical cruelty. That the plaintiff was subjected to such cruel and degrading treatment is evident from the facts and is deserving of the sympathetic consideration of the court.

The facts as presented in this case show to what extent the unwarranted and unjustifiable interference by parents in the domestic affairs of their offspring may go in causing a complete disruption of what, in all probability, would have been a happy union. No evidence has been adduced to show that the plaintiff was not all that a wife should be, capable of discharging faithfully all the responsibilities which burden a loyal wife and mother. It is regrettable that she was born of lowly station and humble parents, unwise and untutored in the ways of the supposedly high-born, and unfit, therefore, to govern a household in a manner befitting the son of one whose staff of life is caste. So, the mother-in-law promptly and effectively proceeded to show this poor, lowly upstart that she could not take from her the only son whom she, the mother, had pampered, cajoled and dominated even into his maturity without suffering reprisals, and thus she proceeded to take from the wife all semblance of independent action, causing, as we see, the breaking of a home that should have been blessed with mutual understanding and happiness.

Too much mother-in-law has often been referred to facetiously and jokingly by our punsters. It is, however, a serious factor in the lives of too many married couples, and one which makes for destruction. Some mothers should be reminded that, having married, their offspring are entitled to work out their destiny in a manner compatible with the needs and desires of their mates. Parents should refrain from interfering with the domestic arrangements of their married children, unless it be to help in creating an harmonious union. I do not want to convey the impression of minimizing the need and importance of mother love. Life has no greater emotion. But it must be a love that does not limit itself to the son, as in this case, to the detriment of the person whom the son has chosen as his life mate. I am certain that if the plaintiff and the defendant had been permitted to live their lives in their own manner without interference or domination, the plaintiff in all probability would have had no cause to appeal to this court for

relief. In fact so convinced was I that plaintiff and defendant would be able to effect a mutual understanding and agreement if left unmolested when the matter first came before me, that in a memorandum filed on July 29th, I refrained from granting judgment, holding it in abeyance for a six-month period in the hope that a real reconciliation would be effected. Unfortunately that could not be accomplished. The only result now possible from the evidence is to award the plaintiff a decree of separation together with custody of the child.

In view of the fact that both the plaintiff and the infant child of the marriage are now living in the home of plaintiff's parents and the plaintiff herself is employed and able to maintain herself, the decree will carry no provision for alimony at this time but only a provision for payment of twelve dollars a week for the support of the child.

Submit findings of fact and conclusions of law, together with proposed judgment.